**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

RYAN GOODACRE,

            Debtor,

Case Number: 07-02212-jtg
Chapter 7
Hon. John T. Gregg

_____/

RYAN LANCASTER,
FKA RYAN GOODACRE,

        Plaintiff,

        vs.

Adv. Proc. No. 16-80315-jtg

EDUCATIONAL FINANCIAL SERVICES, A
DIVISION OF WELLS FARGO BANK, N.A.,

        Defendant.

_____/

<u>**PROPOSED REPORT OF PARTIES' RULE 26(F) CONFERENCE**</u>

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a conference was held on December 22, 2017, and was participated in by:

        Austin Smith, attorney for Plaintiff;
        Joshua Kons, attorney for Plaintiff;
        Emily Palacios, attorney for Defendants; and
        Ronald Spinner, attorney for Defendants.

This is submitted as the required report of that conference.

(1) <u>Initial Disclosures required by Fed. R. Civ. P 26(a)(1).</u>

[   ] The parties will provide such by January 5, 2018; or
[X] The parties agree to provide the following at the times indicated:

        February 1, 2018.

(2) <u>Discovery Plan</u>. The parties jointly propose to the Court the following discovery plan in conformance with Fed. R. Civ. P. 26(f)(3):

    (a) Discovery will be needed on the following subjects:

30504935.2\095586-01683

Plaintiff will seek documents and information related to all factual allegations set forth in Plaintiff's complaint that were not admitted by Defendants that relate to the loans at issue and documents and information related to the affirmative defenses asserted by Defendant.

Defendant will seek documents and information relating to Plaintiff's student loan debt, documents and information relating to Defendant's use of disbursed student loan amounts, and documents and information relating to the state court collection action, among other matters.

(b) All discovery commenced in time to be completed by July 27, 2018.

(c) Maximum of 25 interrogatories by each party to any other party served and responded to as required by the Federal Rules of Civil Procedure.

(d) Maximum of 25 requests for admission served and responded to as required by the Federal Rules of Civil Procedure.

(e) Maximum of 3 depositions per side; additional depositions only with leave of court.

(f) Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

(g) If Plaintiff seeks to use expert testimony, he must designate his expert(s) by March 28, 2018.  If Plaintiff designates one or more experts, Defendant must designate any experts it wishes to use by April 28, 2018.  Plaintiff's expert reports (if any) are due by May 28, 2018.  Defendant's expert reports (if any) are due by June 18, 2018.

(h) Supplementation under Fed. R. Civ. P. 26(e) as required by the Federal Rules of Civil Procedure.

(3) Discovery of electronically stored information

(i) This adversary proceeding may involve the discovery of electronically stored information

(ii) documents may be produced in any customary format including PDF, TIFF, JPEG.

(4) Claims of Privilege.  As required and allowed by Federal Rules of Civil Procedure, and Federal Rules of Evidence.

(5) Other Agreed Upon Items.

(a) All potentially dispositive motions must be filed on or before August 24, 2018

30504935.2\095586-01683

(b) The trial date will be set at least six weeks after the close of discovery to allow the parties adequate time to prepare.  The proceeding will be ready for trial by September 28, 2018.  The trial is not expected to take more than two days, and may take less than a day.

(c) Jury Trial Matters.

        (i)      [X] a jury trial was not timely demanded and is waived; or

                  [ ] a jury trial was timely demanded, but is waived; or

                  [ ] a jury trial was timely demanded but not waived.

        (ii)     [ ] the parties consent to the Bankruptcy Court conducting the jury trial; or

                  [ ] the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(d) The parties agree that:
    [X] This is a core proceeding; or
    [ ] This is a non-core proceeding otherwise related to the bankruptcy case.

(e) [X] The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or

    [ ] The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

(6) <u>Other matters</u>.  None.

(7) Matters not agreed upon or insufficiently addressed by the foregoing.  None.

**ATTORNEYS FOR PLAINTIFF**

By: /s/ David Ienna
       **Michael Jaafar**
       **David Ienna**
       Fairmax Law PLLC
       23400 Michigan Ave, Suite 110
       Dearborn, MI 48124
       888-645-3263
       313-277-9278 (fax)
       david@fairmaxlaw.com

By: /s/ Austin C. Smith
     **Austin C. Smith**
     SMITH LAW GROUP
     3 Mitchell Place
     New York, NY 10017
     917-992-2121
     austin@acsmithlawgroup.com

By: /s/ Joshua B. Kons
     **Joshua B. Kons**
     Law Offices of Joshua B. Kons, LLC
     939 West North Avenue, Suite 750
     Chicago, IL 60642
     T: 312-757-272

- and -

**ATTORNEYS FOR DEFENDANT**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  /s/ Emily C. Palacios
     **Emily C. Palacios (P64941)**
     101 North Main Street, Seventh Floor
     Ann Arbor, MI  48104-1400
     (734) 747-7147
     palacios@millercanfield.com

By:  /s/ Ronald A. Spinner
     **Ronald A. Spinner (P73198)**
     150 West Jefferson, Suite 2500
     Detroit, MI 48226
     (313) 496-7829
     spinner@millercanfield.com

DATED:  January 4, 2018

30504935.2\095586-01683