UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                                      Case No. GK 07-02212-jtg

RYAN GOODACRE,                                                  Chapter 7

       Debtor.                                                        Hon. John T. Gregg
_____/

RYAN LANCASTER, fka
RYAN GOODACRE,

       Plaintiff,                                                     Adv. Proc. No. 16-80315-jtg

v.

EDUCATIONAL FINANCIAL SERVICES, A
DIVISION OF WELLS FARGO BANK, N.A.,

       Defendant.
_____/

## FIRST PRETRIAL ORDER

On January 18, 2018, this court conducted a pretrial conference in this adversary proceeding. Appearing at the pretrial conference were:

Austin C. Smith, Esq., counsel for Ryan Lancaster (the "Plaintiff"); and
Emily C. Palacios, Esq. and Ronald A. Spinner, Esq., counsel for Educational Financial Services, a division of Wells Fargo Bank, N.A. (the "Defendant").

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

### JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

However, in light of the Supreme Court's opinion in *Stern v. Marshall*, 564 U.S. 462 (2011) and *Wellness Intern. Network, Ltd. v. Sharif*, __ U.S. __, 135 S. Ct. 1932 (2015), the court will require both parties to formally elect whether they consent or not to this court's entry of a final judgment, appealable under 28 U.S.C. § 158. Both parties consented in their Rule 7026(f) report [Adv. Dkt. No. 54] to this court's entry of a final judgment.

## ISSUES

1. Whether loans obtained by the Plaintiff from the Defendant are non-dischargeable pursuant to 11 U.S.C. § 523(a)(8).

## DISCOVERY

Discovery shall be conducted on the issues raised in the complaint, the answer, affirmative defenses, and such other issues as may arise during the course of the parties' discovery.

Pursuant to the parties' 7026(f) report and the discussions at the pretrial conference, the parties:

1. Shall provide initial disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1) by no later than February 1, 2018;
2. May serve a maximum of twenty-five (25) interrogatories on any other party, with responses due within thirty (30) days of service of the same;
3. May serve a maximum of twenty-five (25) requests for admission on any other party, with responses due within thirty (30) days of service of the same;
4. May take a maximum of three (3) depositions each, with the maximum amount of time for each deposition being limited to seven (7) hours;
5. The Plaintiff shall designate any experts by no later than March 28, 2018 and file any expert reports by no later than May 28, 2018;
6. The Defendant shall designate any experts by no later than April 28, 2018 and file any expert reports by no later than June 18, 2018; and
7. Shall conduct discovery so as to conclude it by July 27, 2018.

## PLEADINGS

The parties believe that the pleadings are in order. Amended pleadings shall be filed only upon stipulation by the other party or pursuant to court order, after filing a motion to amend; provided, however, that any necessary parties shall be joined pursuant to Fed. R. Bankr. P. 7019 by no later than February 22, 2018.

## DISPOSITIVE MOTIONS

Dispositive motions shall be filed by August 24, 2018. The parties shall have 21 days to respond to any such dispositive motion. Replies shall be due seven (7) days after any response.

## SUBSEQUENT PRETRIAL CONFERENCE

After the completion of the discovery plan outlined in this Order, a second pretrial conference shall be scheduled by the court.

      IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and L.B.R. 5005-4 upon Austin C. Smith, Esq., Joshua B. Kons, Esq., David Ienna, Esq., Emily C. Palacios, Esq., and Ronald A. Spinner, Esq.

[END OF ORDER]

**Signed: January 18, 2018**





John T. Gregg
United States Bankruptcy Judge